UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

FILED

2003 DEC -4 P 12: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE _____

DALE SYLVARIA
    Plaintiff

# 03 CV 12446 EFH

v.

COASTLINE ELDERLY SERVICES, INC.,
    Defendants

C.A. NO. _____  52188

AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. C. _____
12-04-03

## COMPLAINT

### INTRODUCTORY STATEMENT

This action is commenced by Dale Sylvaria (hereinafter "Plaintiff" or "Sylvaria") against Coastline Elderly Services, Inc. (hereinafter "Defendant", "Coastline", or "Employer") in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices on the basis of gender/sex, race, and for retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., in addition to other federal state and common law claims.    On or about February 21, 2003, Sylvaria was terminated. At the time of her discharge, Sylvaria had compiled a record of approximately 2 ½ years of satisfactory employment service to Coastline, and held the position of Protective Services/Elder-At-Risk Supervisor.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to, *inter alia*,

pertinent provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.

2.    Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims.  Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy.  This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3.    Venue is proper in this district pursuant to inter alia, 28 U.S.C. 1391 (b), because:

a.    The alleged unlawful practices occurred and/or are continuing to occur within the Commonwealth of Massachusetts, and in this judicial district;

b.    all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in New Bedford, Massachusetts;

c.    Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant, at its New Bedford, Massachusetts location, but for the Defendant's unlawful employment practices.

4.    On or about April 8, 2003, Plaintiff filed a formal Charge of Discrimination with the Massachusetts Commission Against Discrimination (MCAD)

and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her sex/gender and race and that she had been subject to retaliation.

5.    The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court; including, but not limited to, requesting and receiving Right To Sue Authorization from the pertinent state and federal administrative agencies, including the U.S. Department of Justice (ATTACHMENT A.)

## THE PARTIES

6.    The Plaintiff, Dale Sylvaria, a female individual, is a resident of the City of Acushnet, Massachusetts.

7.    The Defendant, Coastline Elderly Services, Inc. ("Coastline"), is an Area Agency on Aging.

8.    Coastline operates, and maintains a facility and principal place of business at 1646 Purchase Street, New Bedford, Massachusetts 02740.

## FACTS APPLICABLE TO EACH COUNT

14.    Plaintiff is a Caucasian female.

15.    Plaintiff had been employed by Coastline Elderly Services, Inc., on a full-time basis, for a total of approximately 2 ½ years, until her termination, on or about February 21, 2003, with a break in service for educational purposes. At the time of her termination from employment, Plaintiff held the position of Protective Services/Elder-At-Risk Supervisor. Plaintiff held a supervisory role for approximately 13 months, prior to her discharge.

16.    Throughout her tenure of employment with the Defendant, Plaintiff met or exceeded the employer's legitimate expectations.

17.    On or about February 10, 2003, Plaintiff was suspended without cause or explanation.

18.    On or about February 19, 2003, Plaintiff was forced to attend a meeting at the private residence of the Employer's Executive Director.  Also in attendance were the employer's Assistant Director and its Attorney.

19.    The employer denied Plaintiff's request that this meeting take place on the employer's premises, denied her request to be represented by counsel, and denied her

request to have a representative present from the State Executive Office of Elder Affairs (EOEA.) This agency (EOEA) monitors the technical, clinical, and programmatic functioning of the employer.

20.    During this meeting, Plaintiff protested that she had been ordered by the employer's Executive Director *not* to perform her supervisory duties with respect to a subordinate of Plaintiff's, a person of color.

21.    Plaintiff's Executive Director had previously ordered Plaintiff not to perform her usual and necessary supervisory responsibilities regarding this employee, permitting said employee to forego documentation requirements, thorough investigations, and elder risk assessment, to the possible detriment of the employer's vulnerable elderly clients.

22.    In light of the fact that the employer has a duty for the care and safety of elderly clients, Plaintiff reasonably believed that such a directive was clinically, morally, and ethically inappropriate and unlawful.

23.    A regional coordinator from the EOEA informed Plaintiff that if she followed such a directive, Plaintiff could be terminated and could lose her social work license.

24.    Plaintiff was also subject to a hostile work environment characterized by unwanted and offensive physical touching, hugging, and kissing perpetrated by senior management.

25.    Plaintiff complained to both the Assistant Director and the perpetrator regarding this conduct, but the conduct was never effectively addressed and the employer took no effective remedial action.

26.    Plaintiff neither participated in, encouraged, nor welcomed the conduct referenced in paragraph 24 above.

27.    Plaintiff maintains that in retaliation, because she protested what she reasonably believed to be unlawful discriminatory conduct based on race and gender, the employer terminated her.

28.    But for the Defendant's intention to discriminate against Plaintiff on the basis of her gender/sex and/or race, and to retaliate against Plaintiff because she sought to assert her rights protected under state and federal law, Plaintiff would not have been terminated.

29.    But for the Defendant's intention to discriminate against Plaintiff on the basis of her gender/sex and/or race, and to retaliate against Plaintiff because she sought to assert her rights protected under state and federal law, Plaintiff would not have been

subjected to discriminatory terms and conditions of employment, in the form of Defendant's decision to terminate her employment.

30. The Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law.

31. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposely subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender/sex and/or race and because she sought to assert her rights to be free from unlawful workplace treatment.

32. The wrongful actions by Defendant and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm and other damages.

**COUNT I**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**TERMINATION**
**HOSTILE ENVIRONMENT**
**RETALIATION**
**M.G.L.A. CH. 151B**

33.    The allegations contained in Paragraphs 1-32 above are incorporated herein by reference in their entirety.

34.    The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the M.G.L. A. CH. 151B by:

    a.  interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sex and/or race;

    b.  depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

    c.  treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender/sex and/or race;

    d.  causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation; and

    e.  retaliating against the Plaintiff because she opposed practices forbidden under M.G.L. 151B. (M.G.L. c.151B, §4(4).

35.  The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sex and/or race, and because she complained regarding workplace treatment prohibited by state and federal law. Such practices include, but are not limited to, Defendant:

    a.) discharging Plaintiff because of her gender/sex and/or race;

33.    The allegations contained in Paragraphs 1-32 above are incorporated herein by reference in their entirety.

34.    The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the M.G.L. A. CH. 151B by:

   a.  interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sex and/or race;

   b.  depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

   c.  treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender/sex and/or race;

   d.  causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation; and

   e.  retaliating against the Plaintiff because she opposed practices forbidden under M.G.L. 151B. (M.G.L. c.151B, §4(4).

35.    The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sex and/or race, and because she complained regarding workplace treatment prohibited by state and federal law. Such practices include, but are not limited to, Defendant:

   a.)  discharging Plaintiff because of her gender/sex and/or race;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender/sex and/or race; and

c.) forcing Plaintiff to work in a sexually-hostile environment.

36.    But for the Defendant's intent to discriminate against Plaintiff because of her gender/sex and/or race, Defendant would not have discharged Plaintiff, or subjected her to discriminatory terms and conditions of employment, or retaliated against her.

37.    The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender/sex and/or race, and because she complained about unlawful workplace treatment.    The Defendant's conduct has unlawfully deprived Plaintiff of her employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000e et seq.**
**HOSTILE ENVIRONMENT**
**TERMINATION**
**RETALIATION**

38.    Paragraphs 1-32 above are incorporated herein by reference in their entirety.

39.    The Defendant's conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-32, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of her gender/sex and/or race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e (Title VII), and to discriminate against her because she complained regarding unlawful workplace treatment, and opposed practices forbidden by Title VII (42 U.S.C. §2000e-3(a)).

40.    The Defendant's conduct in discharging the Plaintiff, and as otherwise referenced in paragraphs 1-32, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of her gender/sex and/or race, in violation of Title VII, and to discriminate against her because she complained regarding unlawful workplace treatment, and opposed practices forbidden under Title VII.

41.    Defendants willfully engaged in a policy or practice of discriminatory treatment based on gender/sex and/or race by discharging Plaintiff, in violation of Title VII.

42.    The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Title VII, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sex and/or race;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender/sex and/or race;

d.) and retaliating against her because she complained regarding unlawful workplace treatment, and practices forbidden under Title VII; and

e.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

43.    The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sex and/or race. Such practices including, but are not limited to, Defendant:

a.) discharging Plaintiff because of her gender/sex and/or race;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender/sex and/or race, and because she opposed practices prohibited under Title VII; and

c.) tolerating a hostile work environment based on gender.

44.    But for the Defendant's intent to discriminate against Plaintiff because of her gender/sex and/or race, or its intent to retaliate against her, Defendant would not have

terminated Plaintiff or subjected her to discriminatory terms and conditions of employment.


45.    The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.


46.    By its conduct, the Defendant has failed in its affirmative duty under Title VII, by their failure to exercise reasonable care and diligence, to maintain a work environment free of discriminatory insult, intimidation, or abuse directed at employees based on their gender/sex and/or race.


WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.


## COUNT III
## PUBLIC EMPLOYEES' WHISTLEBLOWER STATUTE
### M.G.L. c149, §185

47.    The allegations contained in paragraphs 1-32 above are incorporated herein by reference in their entirety.


48.    Plaintiff's employment was terminated by Defendant in violation of M.G.L. c.149, §185 since the Defendant's action was in retaliation for Plaintiff's refusal, in her capacity of performing services overseen and regulated by state and local

authorities, to accept and participate in activities, policies, and practices which she believed violated Massachusetts law.

WHEREFORE Plaintiff prays that judgment be entered herein against Defendant and in favor of the Plaintiff for all damages and equitable relief available as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender/sex and/or race;

b.) an order that the Defendant make whole the Plaintiff with appropriate lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to her position of employment, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of

seeking new employment, and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued;

h.) grant such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Dale Sylvaria,
By Her Attorney,

Stephen T. Fanning #542343
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Dale Sylvaria**
**20 Mendall Rd.**
**Acushnet, MA 02743**

From:  **EEOC/BAO/JFKennedy Fed'l Bldg**
**Gov't Ctr - Cambridge Street**
**4th Floor - Room 475**
**Boston, MA. 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16C-2003-01435** | **Rance A. O'Quinn, Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Robert L. Sanders, Area Director**

SEP 5 2003
*(Date Mailed)*

Enclosure(s)

cc:  **Chief Executive Officer**
**Coastline Elderly Services, Inc.**
**Attn: Human Resources Department**
**1646 Purchase Street**
**New Bedford, MA. 02740**

**Stephen T. Fanning, Esquire**
**305 South Main Street**
**Providence, Rhode Island 02903**