UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

DALE SYLVARIA, )
 )
    Plaintiff, )
 )
Vs. ) C.A. No. 03CV12446EFH
 )
COASTLINE ELDERLY SERVICES, INC., )
 )
    Defendant. )

## ANSWER AND JURY DEMAND

NOW COMES the defendant and for answer:

1.(A)  States that the first sentence of the "Introductory Statement" does not allege facts requiring response; to the extent it alleges facts of the defendant's wrongdoing, such allegations are denied; Admits the allegations contained in the second sentence; Denies the allegations contained in the third sentence with the exception that it admits that plaintiff held the position of Protective Services/Elders-at-Risk Supervisor from on or about January 7, 2002 until February 21, 2003.

1.(B)  States that paragraph 1 of plaintiff's Complaint does not allege facts requiring response; to the extent it does, defendant denies said allegations.

2.  Denies the allegations contained in paragraph 2 of plaintiff's Complaint.

3.  Admits those portions of paragraph 3 of plaintiff's Complaint which allege that certain practices, which the defendant denies, occurred within the Commonwealth of Massachusetts and within this Honorable Court's district but denies the rest.

4.  Admits that portion of paragraph 4 of plaintiff's

Complaint which alleges she filed a "Charge with the Massachusetts Commission Against Discrimination" but denies the rest.

5. Denies the allegations contained in paragraph 5 of plaintiff's Complaint.

6. Admits that portion of paragraph 6 of plaintiff's Complaint which alleges that she is a "female individual" but states that it has insufficient information to enable it to admit or deny the remaining allegations and, therefore, denies the same.

7. States that the plaintiff does not define Area Agency on Aging as alleged in paragraph 7 of plaintiff's Complaint and therefore the defendant has insufficient information to enable it to admit or deny said allegations and, therefore, denies the same.

8. Admits that portion of paragraph 8 of plaintiff's Complaint which alleges that the defendant's principle place of business is at 1646 Purchase Street, New Bedford, Massachusetts but denies the rest.

9. States that it has insufficient information to enable it to admit or deny the allegations contained in paragraph 9 of plaintiff's Complaint and, therefore, denies the same.

10. Denies the allegations contained in paragraph 10 of plaintiff's Complaint.

11. Denies the allegations contained in paragraph 11 of plaintiff's Complaint.

12. States that it has insufficient information to enable it to admit or deny the allegations contained in paragraph 12 of plaintiff's Complaint and, therefore, denies the same.

13. States that it has insufficient information to enable it

to admit or deny the allegations contained in paragraph 13 of plaintiff's Complaint and, therefore, denies the same.

14. Admits that portion of paragraph 14 of plaintiff's Complaint which alleges that she is a "female" but states that it has insufficient information to enable it to admit or deny the remaining allegations and, therefore, denies the same.

15. Admits the allegations contained in paragraph 15 of plaintiff's Complaint with the exception that it denies the inference that plaintiff's employment was continuous.

16. Denies the allegations contained in paragraph 16 of plaintiff's Complaint.

17. Admits that portion of paragraph 17 of plaintiff's Complaint which alleges that she was suspended on February 10, 2003 but denies the rest.

18. Admits the allegations contained in paragraph 18 of plaintiff's Complaint with the exception that it denies that it "forced" plaintiff.

19. Denies the allegations contained in paragraph 19 of plaintiff's Complaint.

20. Denies the allegations contained in paragraph 20 of plaintiff's Complaint.

21. Denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22. Denies the allegations contained in paragraph 22 of plaintiff's Complaint.

23. States that it has insufficient information to enable it to admit or deny the allegations contained in paragraph 23 of

plaintiff's Complaint and, therefore, denies the same.

24. Denies the allegations contained in paragraph 24 of plaintiff's Complaint.

25. Denies the allegations contained in paragraph 25 of plaintiff's Complaint.

26. Denies the allegations contained in paragraph 26 of plaintiff's Complaint.

27. Denies the allegations contained in paragraph 27 of plaintiff's Complaint.

28. Denies the allegations contained in paragraph 28 of plaintiff's Complaint.

29. Denies the allegations contained in paragraph 29 of plaintiff's Complaint.

30. Denies the allegations contained in paragraph 30 of plaintiff's Complaint.

31. Denies the allegations contained in paragraph 31 of plaintiff's Complaint.

32. Denies the allegations contained in paragraph 32 of plaintiff's Complaint.

33. The defendant repeats and incorporates by reference paragraphs 1(A) - 32 in their entirety.

34. Denies the allegations contained in paragraph 34 of plaintiff's Complaint.

35. Denies the allegations contained in paragraph 35 of plaintiff's Complaint.

36. Denies the allegations contained in paragraph 36 of plaintiff's Complaint.

37. Denies the allegations contained in paragraph 37 of plaintiff's Complaint.

WHEREFORE, the defendant demands that plaintiff's Complaint be dismissed, with prejudice, with the award to the defendant of costs and attorney's fees and for whatever other relief is deemed just and equitable.

38. The defendant repeats and incorporates by reference paragraphs 1(A) - 37 in their entirety.

39. Denies the allegations contained in paragraph 39 of plaintiff's Complaint.

40. Denies the allegations contained in paragraph 40 of plaintiff's Complaint.

41. Denies the allegations contained in paragraph 41 of plaintiff's Complaint.

42. Denies the allegations contained in paragraph 42 of plaintiff's Complaint.

43. Denies the allegations contained in paragraph 43 of plaintiff's Complaint.

44. Denies the allegations contained in paragraph 44 of plaintiff's Complaint.

45. Denies the allegations contained in paragraph 45 of plaintiff's Complaint.

46. Denies the allegations contained in paragraph 46 of plaintiff's Complaint.

WHEREFORE, the defendant demands that plaintiff's Complaint be dismissed, with prejudice, with the award to the defendant of costs and attorney's fees and for whatever other relief is deemed just

and equitable.

47. The defendant repeats and incorporates by reference paragraphs 1(A) - 46 in their entirety.

48. Denies the allegations contained in paragraph 48 of plaintiff's Complaint.

WHEREFORE, the defendant demands that plaintiff's Complaint be dismissed, with prejudice, with the award to the defendant of costs and attorney's fees and for whatever other relief is deemed just and equitable.

By way of Affirmative Defense the defendant states that:

49. The plaintiff's Complaint should be dismissed for lack of jurisdiction.

50. The plaintiff's Complaint should be dismissed for lack of jurisdiction over the defendant.

51. The plaintiff's Complaint should be dismissed for improper venue.

52. The plaintiff's Complaint should be dismissed for insufficiency of process.

53. The plaintiff's Complaint should be dismissed for insufficiency of service of process.

54. The plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

55. The plaintiff's claims are barred by the doctrines of estoppel, waiver and unclean hands.

56. The plaintiff has not incurred any actual damages as a result of the conduct of the defendant.

57. The plaintiff's claims for intentional infliction of

emotional distress and negligent infliction of emotional distress, arising from her employment are barred by the exclusivity provision of G.L. c. 152. (The Massachusetts Worker's Compensation law).

58. Plaintiff's claim for sexual harassment should be dismissed because plaintiff has not alleged facts to show that she was subjected to conduct that might be deemed harassment and because such conduct alleged in the Complaint is not sufficiently severe or pervasive to create a hostile work environment.

59. On information and belief, plaintiff has failed to mitigate her damages, which bars her claim for relief or precludes or limits any award of damages.

60. The plaintiff has failed to allege properly and timely her complaints in the Massachusetts Commission Against Discrimination Charge.

61. The plaintiff has failed to exhaust her administrative remedies.

62. The plaintiff's Complaint is barred by the applicable statute(s) of limitation.

63. The plaintiff was terminated for cause.

64. The plaintiff's Complaint is frivolous and wholly without merit.

WHEREFORE, the defendant demands that plaintiff's Complaint be dismissed, with prejudice, with the award to the defendant of costs and attorney's fees and for whatever other relief is deemed just and equitable.

**The defendant demands trial by jury on all issues properly triable.**

Respectfully submitted by
its attorneys,

Date: 2/3/04

_____
Michael D. Habib
38 Rock Street
Fall River, MA  02720
(508) 674-1958
BBO #: 215640

Date: 2/3/04

_____
Daniel S. Hendrie
Hendrie & Hendrie
38 Rock Street
Fall River, MA  02720
(508) 674-1960
BBO #: 230360

## CERTIFICATE OF SERVICE

I, Michael D. Habib, hereby certify that this date I served the within Answer and Jury Demand upon the parties by mailing, postage prepaid, copies thereof to counsel of record, Stephen T. Fanning, Esquire, 305 South Main Street, Providence, Rhode Island 02903.

Date: 2/3/04

_____
Michael D. Habib
38 Rock Street
Fall River, MA  02720
(508) 674-1958
BBO #: 215640